Baldwyn *et al. v.* Board of Barber Examiners *et al.*

(Division A.   Jan. 9, 1933.)

[145 So. 240.   No. 30297.]

H. C. **Stringer,** of Jackson, for appellants.

**Broom, Bilbo & Shipman,** of Jackson, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

Chapter 118, Laws 1932, is one of the statutes by which the state is gradually building a miniature of the national government's "wonderland of bureaucracy." It creates a state board of barber examiners charged with the duty of determining who are qualified "to practice barbering," to issue certificates to that effect to persons found to be so qualified, to supervise the manner in which they thereafter conduct such business, and to determine at stated intervals whether they will be permitted to continue therein.

The specific acts which the board is authorized to do are:

First. "To make reasonable rules and regulations for the administration of the provisions of this act;" "adopt the regulations of the state board of health governing sanitation of barber shops and barber schools;" "to enter upon and inspect any barber shop or barber school at any time during business hours and . . . report to the state board of health any instances of violations of the sanitary regulations for action by the state board of health."

Second. When applied to by a person for that purpose, to examine into and "determine his fitness to practice barbering," and, if found qualified therefor, to give him a certificate to that effect, without which the statute prohibits any person from engaging in the "practice of barbering," this certificate to be renewed annually in event the applicant applying therefor is determined by the board to be a fit person to continue to "practice barbering."

Third. To revoke such certificates under certain circumstances.

Applicants for such certificates must pay the board five dollars before being examined as to their qualifications therefor, and an additional dollar when and if certificates are issued to them.

The statute does not provide what proceedings, if any, the board shall institute against a person violating its provisions, but does provide that violations thereof shall be misdemeanors punishable by fines of not less than twenty-five dollars nor more than two hundred dollars.

The bill of complaint challenges the constitutional validity of the statute. The allegations of the injuries which the appellants fear they will suffer from its enforcement are, in substance, as follows: First, the appellees "are demanding of your complainants that they pay to them certain fees at once and that they submit themselves to another physical examination, and that they give their time and money in other ways to said respondents." Second, the appellants are "in grave danger of not only being denied the right to pursue their lawful trade but could be and will be robbed of their personal liberties, and thereby cause them humiliation and their wives and children to suffer for the actual necessities of life." Third, "that it would require an extra outlay (by the appellants) of some five dollars monthly or approximately sixty dollars annually," to comply with the requirements of the statute. Fourth, that the appellees are now "attempting to place into effect all the provisions of said void statute and in so doing are about to proceed or are threatening to proceed against your complainants in an effort to either enforce the unlawful provisions of said amended act against your complainants or drive them out of business, greatly to complainants' injury." Fifth, "that they (the appellants) are subject to and will be subjected to certain criminal prosecu-

tions, be required to pay fines, have their personal liberties taken from them under certain conditions as per provisions of said statute." The prayer of the bill is for an injunction restraining the appellees from attempting to enforce any of the provisions of the statute against the appellants.

The answer of the appellees includes a demurrer in accordance with the provisions of section 378, Code 1930, by which the sufficiency of the allegations of the bill is challenged.

The case was tried on the pleadings without evidence, and the bill was dismissed.

The bill fails entirely to allege what proceedings, if any, the appellees have begun or have threatened to begin in order to coerce the appellants into complying with the provisions of the statute. All of the allegations of the bill may be true; but non constat the continuance of the appellants to "practice barbering" may not be interfered with by the appellees. If criminal proceedings have been commenced, or threatened to be commenced, against them by the appellees, that would bring the case within the rule authorizing the issuance of an injunction restraining them, that fact should be specifically averred. The bill simply presents a case wherein an opinion is requested advising the appellants whether they can safely continue to "practice barbering" without complying with the provisions of the statute. Such opinions the courts should not give.

We are not authorized, therefore, to express an opinion on the validity vel non of the statute.

Affirmed.